IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICE DRILLING B LLC,<br>    Plaintiff,<br><br>    v<br><br>INTERNATIONAL ASSETS ADVISORY, LLC,<br>HARBORLIGHT CAPITAL GROUP, LLC,<br>HARBORLIGHT HOLDINGS, LLC,<br>HARBORLIGHT CAPITAL MANAGEMENT,<br>LLC and DEAN G. TANELLA,<br>    Defendants. | 2:13-cv-1201 |

## **MEMORANDUM OPINION AND ORDER**

Now pending before the Court is INTERNATIONAL ASSETS ADVISORY LLC'S MOTION TO JOIN RICE ENERGY APPALACHIA, LLC; RICE ENERGY LIMITED PARTNERSHIP; AND RICE DRILLING D, LLC AND FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS (ECF No. 16), with brief in support. Defendant/Counterclaimant International Assets Advisory, LLC ("IAA") has attached a copy of its proposed pleading to the motion. The "HarborLight" Defendants/Counterclaimants have joined in the motion. Plaintiff Rice Drilling B LLC ("Rice B") filed a brief in opposition to the motion and it is ripe for disposition. However, before addressing the merits of the motion, the Court must satisfy itself that it has subject-matter jurisdiction over this case.

Factual and Procedural History

Rice B commenced this litigation by filing a Complaint in the Court of Common Pleas of Washington County, Pennsylvania for declaratory judgment against five named Defendants arising out of a contract dispute. In 2011, as spelled out in the Private Placement Engagement

Agreement ("PPEA") and Placement Agent Agreement ("PAA"), IAA agreed to serve as a placement agent for Rice B's sale of debentures and was entitled to certain payments if it introduced another party who subsequently made an investment. Rice B alleges that IAA contracted with the HarborLight entities and Tanella to serve as sub-placement agents.

In 2012, Natural Gas Partners ("NGP") made a $100 million investment into Rice Energy Appalachia LLC ("REA"). In April 2013, NGP Fund IX and NGP Fund X made a $200 million investment into REA. On May 3, 2013, Tanella sent an email which asserted that Rice B owed IAA a fee of $12 million under the PPEA and PAA based on these investments. Rice B seeks a declaration that no such fee is owed under the contracts.

Plaintiff Rice B avers that it is a Delaware limited liability company ("LLC"). Complaint ¶ 1. One of the named Defendants, HarborLight Capital Management, LLC ("HCM") is also a Delaware LLC. Complaint ¶ 6. On August 21, 2013, Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441, which asserted that this Court has subject-matter jurisdiction based solely on 28 U.S.C. § 1332(a) (diversity of citizenship) because there is complete diversity of citizenship between Plaintiff and all Defendants and the matter vastly exceeds $75,000. In particular, Defendants averred that although HCM is a Delaware LLC, the members of HCM (Dean and Diane Tanella) are both citizens of Florida. The Notice of Removal traced the citizenship of the members of Rice B through multiple levels, as some of the members of Rice B were also LLCs. IAA avers that none of the members of Rice B, at any level, are citizens of Florida. However, the Notice of Removal does not identify the citizenship of one member, NGP RE Holdings, LLC ("NGP RE"), a Delaware LLC, which in turns affects the citizenship of Rice B and REA. Removal was not contested.

The three parties which IAA seeks to add to this case, Rice Energy Limited Partnership ("Rice LP")[1], REA, and Rice Drilling D, LLC ("Rice D"), are also registered in Delaware, but have their principal places of business in Canonsburg, Pennsylvania. The proposed Amended Answer and Counterclaims does not plead the citizenship of the LLC parties. Although the citizenship of Rice LP and REA is set forth in the Notice of Removal (except as to NGP RE), the members and citizenship of Rice D have not been pled or otherwise provided to the Court.

In the proposed Amended Answer and Counterclaim, IAA seeks to assert: (Count 1) a counterclaim against Rice B for breach of contract; and (Counts 2 and 3) claims for quantum meruit or unjust enrichment against Rice B, Rice D, REA and Rice LP arising from the NGP investment; (Count 4) a counterclaim against Rice B for breach of a separate Debt Engagement Agreement; and (Counts 5 and 6) claims for quantum meruit or unjust enrichment against Rice B, Rice D, REA and Rice LP arising from a credit facility made by GSO Capital Partners LP ("GSO"). IAA pleads that the structure and details of the GSO transaction are known only to the Rice entities. Rice B contends that IAA has failed to state any valid claims against the new parties, and thus, that IAA's motion for leave to file an amended pleading should be denied as futile.

Subject Matter Jurisdiction

Before addressing the pending motion, the Court must resolve a non-trivial jurisdictional issue. Numerous adverse parties in this case -- the Plaintiff, one of the Defendants, and all three parties sought to be added by IAA -- are registered in Delaware. At first blush, it seems clear that diversity jurisdiction cannot exist where five adverse parties are organized in the same state.

---

[1] The proposed Amended Complaint and Counterclaim identifies Rice LP as a partnership. However, the Notice of Removal describes Rice LP as an LLC. The distinction is not important to the jurisdictional analysis.

A federal court has a non-delegable duty to ensure that it may exercise subject-matter jurisdiction, even if jurisdiction is not contested by the parties. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256-57 (3d Cir. 1977) (explaining that courts should narrowly construe diversity jurisdiction based on considerations of judicial economy and federalism/comity with the state courts).[2] The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal, with all doubts resolved in favor of remand to the state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The removing party bears a heavy burden to establish that the action is properly before the court. *Id.* There must be complete diversity of citizenship of adversarial parties. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010). Diversity jurisdiction "must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control." *Packard v. Provident Natl. Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993). In *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit noted the Supreme Court's "unwavering insistence" that jurisdictional rules remain as simple as possible. *Id.* at 348.

In *Hertz Corp. v. Friend*, the Supreme Court recounted the historical development of the diversity jurisdiction rules governing corporations. Of note, the Supreme Court explained that: (1) diversity jurisdiction is conferred on the federal courts by Congress; (2) corporations were initially not regarded as citizens; (3) in 1844, the Supreme Court held that a corporation would be deemed an artificial person of the state by which it was created; (4) that the "state of incorporation" rule was susceptible to manipulation and was incompatible with the underlying rationale to prevent prejudice against out-of-state parties; (5) that many persons believed that

---

[2] There are countervailing theoretical arguments in favor of expansive diversity jurisdiction to increase access to federal courts.

4

federal dockets contained too many diversity cases; (6) and therefore, Congress deemed corporations to be citizens <u>both</u> of the state of incorporation <u>and</u> the state of their principal place of business (nerve center) in order to stem the quantity of diversity litigation. *Hertz*, 559 U.S. 77, 84-88 (2010). A similar rule has been applied to LLCs in the class action context. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").[3]

The Supreme Court has steadfastly refused to extend the corporate citizenship analysis to other forms of business entities in the diversity jurisdiction context. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 189 (1990) (tracing development of this doctrine). In *Zambelli*, the Court of Appeals for the Third Circuit observed the distinction required by the Supreme Court and held:

> the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.

592 F.3d at 419-20 (citations omitted).

Notably, the effect (and apparent intent) of the Supreme Court decisions which created the strict demarcation between corporations and other business entities was to <u>restrict</u> diversity jurisdiction. In *Carden*, the Supreme Court refused to treat a limited partnership like a corporation; held that there must be complete diversity with the general partner and all limited partners; and, although a trial had already been held, remanded for the district court to decide whether the case should be dismissed for lack of jurisdiction. Similarly, in *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S 449 (1900), the Court's refusal to extend the corporation

---

[3] This definition has not been applied to 28 U.S.C. § 1332(a) (diversity jurisdiction).

citizenship analysis to a limited partnership association resulted in a lack of complete diversity, thus depriving the federal court of jurisdiction. *Accord United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145 (1965) (refusing to disregard individual citizenship of union members); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 (3d Cir. 2008) (federal courts lack diversity jurisdiction where one member of a partnership is "stateless").

The facts of this case reflect numerous adverse LLCs, which are all registered in Delaware, but whose members may be completely diverse. By focusing solely on the citizenship of the members, while ignoring the state of registration of the LLC parties, this Court may have subject-matter jurisdiction. Thus, under these unique facts, the mechanical rule set forth in *Zambelli* <u>expands</u> diversity jurisdiction. Such a result appears to be contrary to the underlying purposes of simplicity and limited diversity jurisdiction, and at odds with the holdings of the Supreme Court cases which led to the mechanical rule.

*Johnson* and *Zambelli* did not explicitly address whether courts must disregard the state of registration of an LLC. However, in *Johnson*, 724 F.3d at 348, the United States Court of Appeals for the Third Circuit recently held that federal courts had subject-matter jurisdiction, even though an LLC (a large pharmaceutical business) had its nerve center and conducted extensive operations in the same state as an adverse party. The Court reiterated:

> because such an entity is not recognized as a legal person, courts should look to the citizenship of the people or corporations who comprise it to determine if diversity jurisdiction exists. The principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship.

Indeed, the district courts are instructed not to focus on the LLC's activities. *Id*. at 350. The *Johnson* Court observed that although a functional approach may be preferable to mechanical rules, the Supreme Court has explicitly left the task of accommodating diversity jurisdiction rules to various commercial entities (such as LLCs) to Congress. *Id*.

6

This Court is not entirely convinced that ignoring the state of registration of an LLC for diversity jurisdiction purposes is consistent with the intent of Congress. *See* 28 U.S.C. § 1332(d)(10) (Congress deemed an LLC to be a citizen of the state under whose laws it is organized in the class action context). A "dual" approach, in which an LLC is regarded as a citizen of the state of each of its members <u>and</u> the state of its registration would advance the goals of simplicity and limited diversity jurisdiction. In *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 204-205 & n.17 (3d Cir. 2007), the Court of Appeals for the Third Circuit adopted a similar "dual" trustee-beneficiary rule to determine diversity jurisdiction for trusts and reiterated its concerns as to the caseload burdens on the federal courts. The *Emerald Investors* Court further explained that the Supreme Court's teaching in *Carden* is that "a court must take into account ***not less*** than all of the entity's members when determining the citizenship of an artificial entity." *Id*. at 205 (emphasis added). Under a "dual" approach, this case would be swiftly remanded to the state court.

Nevertheless, the Court believes that it is compelled by more direct Third Circuit precedent in *Zambelli* and *Johnson* to enforce the rigid jurisdictional distinction between corporations and other entities and ignore the state of registration and actual activities of the LLCs, even when that rule results in an apparently unintended expansion of its jurisdiction.[4]

Application to This Case

The Court is unable to make a final determination as to whether jurisdiction is proper over this case, in accordance with the principles set forth above. As noted, IAA has failed to fully identify the membership of NGP RE Holdings, LLC, a Delaware LLC, which may affect

---

[4] The Court would be amenable to certification of this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

the Court's jurisdiction over this entire case. In addition, the citizenship of Rice D, one of the parties IAA seeks to add, is entirely unknown. Therefore, at this time, IAA has not met its heavy burden to establish that this action is properly before the Court.

Accordingly, INTERNATIONAL ASSETS ADVISORY LLC'S MOTION TO JOIN RICE ENERGY APPALACHIA, LLC; RICE ENERGY LIMITED PARTNERSHIP; AND RICE DRILLING D, LLC AND FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS (ECF No. 16), will be **DENIED WITHOUT PREJUDICE**.

On or before January 6, 2014, the removing parties shall file a Declaration which fully establishes the Court's subject-matter jurisdiction over this case.

In addition, on or before January 21, 2014, IAA may file a revised motion and proposed Amended Answer and Counterclaims which establishes the Court's continued exercise of subject-matter jurisdiction with any newly-joined parties. The Court notes that Rice B has raised several legal challenges to the proposed counterclaims (and third-party claims). These challenges appear to have merit, particularly as to Rice LP, Rice D, and the GSO transaction. If IAA chooses to file an amended pleading, it will be important to address these alleged shortcomings as well, to assure that the proposed Amended Answer and Counterclaims contain sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips*.

An appropriate Order follows.

                      McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICE DRILLING B LLC,<br>Plaintiff,<br><br>v<br><br>INTERNATIONAL ASSETS ADVISORY, LLC,<br>HARBORLIGHT CAPITAL GROUP, LLC,<br>HARBORLIGHT HOLDINGS, LLC,<br>HARBORLIGHT CAPITAL MANAGEMENT,<br>LLC and DEAN G. TANELLA,<br>Defendants. | 2:13-cv-1201 |

## ORDER OF COURT

AND NOW, this 23rd day of December, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that INTERNATIONAL ASSETS ADVISORY LLC'S MOTION TO JOIN RICE ENERGY APPALACHIA, LLC; RICE ENERGY LIMITED PARTNERSHIP; AND RICE DRILLING D, LLC AND FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS (ECF No. 16), is **DENIED WITHOUT PREJUDICE**.

On or before January 6, 2014, the removing parties shall file a Declaration which establishes the Court's subject-matter jurisdiction over this case.

In addition, on or before January 21, 2014, IAA may file a motion for leave to file a revised proposed Amended Answer and Counterclaims which establishes the Court's continued exercise of subject-matter jurisdiction with any newly-joined parties. Plaintiff Rice B may file a response to any such motion on or before January 30, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Henry M. Sneath, Esquire**
Email: hsneath@psmn.com
**Robert L. Wagner, Esquire**
Email: rwagner@psmn.com

**Joseph T. Moran, Esquire**
Email: jtmoran@duanemorris.com
**Gerald J. Schirato , Jr., Esquire**
Email: gjschirato@duanemorris.com
**Joel M. Walker, Esquire**
Email: jmwalker@duanemorris.com
**Kevin A. Carreno, Esquire**
Email: kevin@carrenolaw.com